IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

        Plaintiff,                   No. 2:11-cv-3008 LKK CKD

    vs.

SAMMY'S RESTAURANT, INC.,

        Defendant.             FINDINGS & RECOMMENDATIONS

_____/

        Presently before the court is plaintiff's motion for default judgment. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

        Plaintiff is a permanently disabled wheelchair user. Defendant operates a restaurant "Sammy's Restaurant" located on Del Paso Blvd. in Sacramento, California. The complaint alleges that plaintiff visited the subject establishment in September, 2011 and encountered architectural barriers which denied him full and equal access.

        The record reflects that defendant was properly served with process on November 26, 2011 and default was entered on April 2, 2012. Plaintiff thereafter filed a motion for default judgment with a proof of service reflecting service of the motion on defendant. Plaintiff seeks an

1

Case 2:11-cv-03008-LKK-CKD   Document 21   Filed 11/02/12   Page 2 of 4


entry of default judgment in the amount of $8,000 pursuant to California Civil Code section 52(a)[1] as well as injunctive relief.[2]

      Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of statutory damages and injunctive relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). Plaintiff is entitled to statutory damages for each "offense," i.e., each obstructed visit.[3] See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir.2004); see also Feezor v. DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005). With respect to plaintiff's claim for injunctive relief, the court finds that defendant has failed to provide accessible door entrance hardware, as required by 28 Code of Federal Regulations, Part 36, Appendix D, ("ADAAG") 4.13.9. Further, defendant has failed to provide an accessible restroom in that the restroom has a panel type door handle requiring a tight grasping or tight pinching ability to operate; the rear grab bar in the restroom is too short in length, the water closet lacks clear space on the wide side[4] area adjacent to the toilet; the sink is a vanity type

---

[1] The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage amount of $4,000 per violation. Cal. Civ. Code § 52(a).

[2] Plaintiff seeks injunctive relief requiring defendant to remove identified architectural barriers only to the extent such alterations are readily achievable.

[3] The complaint identifies one visit on September 9, 2011 and alleges a total of two actual visits. In the memorandum, plaintiff declares that an additional visit was made in August 2009.

[4] The narrow side is the side where the side grab bar is located and the wide side is the opposite side.

which fails to provide for knee and toe clearance; the mirror, paper towel dispenser and toilet seat protector are too high for a disabled wheelchair user to reach.  ADAAG 4.17.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (dkt. no. 19) against defendant be granted;

2. Plaintiff be awarded statutory damages in the amount of $8,000.00.

3. Plaintiff be granted an injunction requiring defendant to provide readily achievable property alterations to the property known as Sammy's Restaurant, a restaurant located at 2021 Del Paso Blvd., Sacramento, California, that consist of the following, all in accordance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 Code of Federal Regulations Part 36, Appendix D:

    a. Accessible door entrance hardware.  ADAAG 4.13.9.

    b. Accessible restroom, with a handle not requiring a tight grasping or tight pinching ability to operate; a rear grab bar in the restroom of compliant length; clear space on the wide side area adjacent to the toilet; a sink which provides for knee and toe clearance; and a mirror, paper towel dispenser, and toilet seat protector situated at a height which can be reached by a disabled wheelchair user.  ADAAG 4.17.

4. The Clerk of Court be directed to close this case.

/////

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
johnson-sammysrest.def.